## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Tia Allen,

    Plaintiff

v.

Walmart, Inc.,

    Defendant

Case No.: 2:21-cv-01394-JAD-NJK

**Order Granting in Part and Denying in Part Motion for Attorney's Fees and Costs**

[ECF No. 48]

Plaintiff Tia Allen moves for attorney's fees and costs as a discovery sanction for defendant Walmart, Inc.'s delayed production of enhanced surveillance video showing her alleged slip and fall.[1] Walmart produced a less-enhanced version of the video in November 2021[2] and a short clip of the enhanced footage in February 2022.[3] It then turned over the full enhanced video in April 2022—after Allen moved for sanctions for spoliation of the surveillance footage.[4]

I denied Allen's motion for spoliation sanctions, reasoning that "delayed production of a better version of a timely produced video" does not constitute spoliated evidence.[5] But I did so "without prejudice to the plaintiff's ability to seek reasonable fees [and costs] . . . incurred as a result" of Walmart's delay, and I re-opened discovery to "put everybody back in the same position . . . they would have been in had [the enhanced] version of the video been produced

---

[1] ECF No. 48.
[2] ECF No. 17 at 3.
[3] ECF No. 48 at 3.
[4] *Id.*; ECF No. 17.
[5] ECF No. 47.

before the close of discovery."⁶ Allen's counsel suggested that, due to Walmart's delay, he might need to file amended or supplemental briefing, consult an expert, or conduct additional discovery.⁷ Although it appears that he took none of those (or other similar) steps, Allen moves for (1) attorney's fees and costs incurred in connection with the spoliation-sanctions motion and (2) all "attorney['s] fees and costs [incurred] from the date . . . whe[n] the video should have been disclosed."⁸ Because I find the first category of relief appropriate under Federal Rule of Civil Procedure (FRCP) 37(a)(5)(A) and reasonable under the factors laid out by the Ninth Circuit in *Camacho v. Bridgeport Financial, Inc.* and *Kerr v. Screen Extras Guild, Inc.*, I grant Allen's motion in part.⁹ But I deny her motion as to the second category because she fails to show that those fees and costs are attributable to Walmart's delay.

## Discussion

**A.    Standard for evaluating the reasonableness of an attorney-fee award**

The lodestar method is the required starting point when determining reasonable fee awards and is calculated by "multiplying the number of hours [that] the prevailing party reasonably expended on the litigation by a reasonable hourly rate."¹⁰ Requests for attorney's fees must also meet the requirements of Local Rule 54-14, which requires a motion for attorney's fees to include an attorney affidavit, "[a] reasonable itemization and description of the work

---

⁶ *Id.*

⁷ *Id.*

⁸ ECF No. 48 at 7, 10.

⁹ *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973 (9th Cir. 2008).

¹⁰ *Camacho*, 523 F.3d at 978 (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)).

2

performed[,]" and other information about the case and the attorney's work on it.[11]  After calculating a lodestar figure, the court may review the reasonableness of the award under the factors adopted by the Ninth Circuit in *Kerr*, including the "time and labor required" and the "experience, reputation, and ability of the attorneys."[12]

**B.  Allen is entitled to fees and costs incurred in bringing her spoliation-sanctions motion.**

Allen seeks $4,890.00 in fees and $87.94 in costs "related to the time and effort expended on the [m]otion for [s]anctions."[13]  FRCP 37(a)(5)(A) provides that if a discovery motion "is granted—or if the . . . requested discovery is provided after the motion is filed—the court must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[14]  That rule allows exceptions if (i) "the movant filed the motion before attempting in good faith to obtain the disclosure[,]" (ii) the "nondisclosure . . . was substantially justified[,]" or (iii) "other circumstances make an award of expenses unjust."[15]  For purposes of this rule, an "incomplete disclosure . . . must be treated as a failure to disclose."[16]

Walmart does not seriously dispute that Rule 37(a)(5)(A) applies; it produced the full enhanced video only after Allen moved for sanctions.  And I find that none of the rule's exceptions are relevant here: Allen conferred with Walmart prior to filing the sanctions motion,[17]

---

[11] L.R. 54-14(a)–(b).
[12] *Kerr*, 526 F.2d at 70.
[13] ECF No. 48 at 7–9.
[14] Fed. R. Civ. P. 37(a)(5)(A).
[15] *Id.*
[16] *Id.* at (a)(4).
[17] ECF No. 17-8.

3

and Walmart fails to show that the length of the delay was justified by the technical difficulty in accessing the enhanced video or by anything else. So an award of fees and costs incurred in connection with the spoliation motion is warranted.

Walmart argues, however, that Allen failed to comply with the requirements in the local rules and address the *Kerr* factors.[18] Though the local rules provide that "[f]ailure to provide the information required . . . *may* be deemed consent to the denial of the motion[,]"[19] I find that Allen adequately supports her motion. She provides a counsel affidavit[20] and an itemization of the fees and costs, which states that counsel worked just over 20 hours at a rate of $300 per hour and that a non-lawyer worked for one hour at a rate of $150 per hour.[21] Allen also explains that her counsel has been licensed in Nevada for more than a decade and has worked almost exclusively on personal-injury matters during that time.[22] I also considered all the other relevant factors, including the results obtained (production of the enhanced video), the fee type (contingent), and the customary fee (consistent with the amount requested here). Because the requested fees and costs are reasonable, I grant the motion in part and award Allen $4,890.00 in fees and $87.94 in costs.

**C.     Allen is not entitled to all fees and costs incurred after Walmart's initial production.**

Nonetheless, Allen falls short in showing that she is entitled to all fees and costs incurred since the enhanced video should have been turned over.[23] FRCP 37(c)(1)(A) allows a court to

---

[18] ECF No. 51 at 5–6.
[19] L.R. 54-14(c) (emphasis added).
[20] ECF No. 48-2.
[21] ECF No. 48 at 8–9.
[22] *Id.* at 7–8.
[23] *Id.* at 9–13.

"order payment of the reasonable expenses, including attorney's fees, caused by the failure" to disclose evidence.[24]  Allen argues that, had Walmart timely produced the enhanced footage, "[p]resent counsel would have re-evaluated the early settlement discussion and, if failed, recommend[ed] [p]laintiff retain other counsel" because "[p]resent counsel does not regularly litigate cases with the specific facts and circumstances of the present matter."[25]  But Allen fails to explain precisely what facts the surveillance video reveals that she—having obviously been present for the purported slip and fall—did not know.  And Allen's contention that timely disclosure would have impacted her litigation and discovery strategy[26] is belied by the fact that, as Walmart points out,[27] she conducted no further discovery after Walmart produced the enhanced footage.[28]  Because Allen cannot show that the remainder of her requested fees and costs were "caused by [Walmart's] failure[,]"[29] I deny this portion of Allen's request.

## Conclusion

IT IS THEREFORE ORDERED that Allen's motion for attorney's fees and costs **[ECF No. 48] is GRANTED IN PART AND DENIED IN PART**.  Plaintiff is awarded fees of $4,890.00 and costs of $87.94.  Defendant has 20 days to tender that award to plaintiff's counsel.

_____
U.S. District Judge Jennifer A. Dorsey
January 26, 2023

---

[24] Fed. R. Civ. P. 37(c)(1)(A).

[25] ECF No. 48 at 9.

[26] ECF No. 53 at 4.

[27] ECF No. 51 at 2.

[28] ECF No. 48 at 10–12 (the itemization of work, which does not appear to include any affirmative-discovery efforts).

[29] Fed. R. Civ. Pro. 37(c)(1).